UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHRIS JORDAN, et al. ) <br> ) <br> Respondents. ) <br> _____ ) | 1:09-cv-00060 OWW WMW (HC) <br><br> FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner is a prisoner at Santa Clara County Jail proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On January 29, 2009, Petitioner filed an "emergency motion" to be released immediately on his own recognizance. (Doc. #6).  On March, 2, 2009, he filed a second "emergency motion" for immediate release and injunctive relief. (Doc. #7).

    No other parties have yet appeared in this case.

    A petition for writ of habeas corpus is properly filed under § 2254 by "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1) of Rules Governing Section 2254 Cases.

    Petitioner has filed the instant petition to challenge his "illegal pre-trial detention." (Doc. #1 at 1).  Petitioner does not say what exactly he is challenging or why he is in jail but, after examining Petitioner's two previous petitions, the Court concludes that Petitioner is trying to challenge an

immigration detainer placed on him by United State Immigration and Customs Enforcement (ICE) while serving an unrelated state court sentence. See <u>Fordjour v. Mukasey</u>, 1:08-cv-00885, Docs. #19, 33. It seems that Petitioner was already serving time in state prison[1] when ICE placed the detainer on him. One thing that Petitioner made very clear in this current petition, however, is that the trial regarding the detainer is "still pending" and he is challenging that pre-trial detention. (Doc. #1 at 3).

Petitioner filed his two previous petitions under § 2241, one of which was dismissed for lack of jurisdiction[2] and the other was dismissed as duplicative.[3] It appears that Petitioner has made a last ditch effort to obtain pre-trial relief in this court by filing under § 2254 as a state court prisoner challenging the constitutionality of his detention. However, the custody that he is challenging is the detainer, which is not the reason he is presently in county jail . The mere fact that Petitioner happened to be incarcerated when the immigration detainer was placed on him is not sufficient to make § 2254 available to him. A properly filed § 2254 motion challenges either the state court judgement or the conditions of the confinement brought about by that state court judgment. In this case there is no state court judgment as of yet; therefore, Petitioner has nothing to challenge. Because there is no state court judgement for Petitioner to challenge the petition should be dismissed without prejudice.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1) both of Petitioner's motions be DENIED; and

2) the petition for writ of habeas corpus be DISMISSED without prejudice; and

2) the Clerk of the Court be directed close this case. These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

---

[1] After examining the documents from all three of Petitioner's habeas corpus cases, it is not what he was convicted for to land him in state prison in the first place.

[2] <u>Fordjour v. Mukasey</u>, 1:08-cv-00885

[3] <u>Fordjour v. Mueller</u>, 1:08-cv-01143

1  Within thirty (30) days after being served with a copy, any party may file written objections with
2  the court and serve a copy on all parties. Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served
4  and filed within ten (10) court days (plus three days if served by mail) after service of the
5  objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
6  (b)(1)(C). The parties are advised that failure to file objections within the specified time may
7  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
8  1991).

11  IT IS SO ORDERED.
12  **Dated:   June 8, 2009**              /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE