# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR, | ) 1:09-cv—00060-OWW-SKO-HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DENY PETITIONER'S MOTION FOR |
| | ) IMMEDIATE RELEASE (DOC. 6) |
| v. | ) FINDINGS AND RECOMMENDATION TO |
| KINGS COUNTY SHERIFF CHRIS | ) DENY PETITIONER'S EMERGENCY |
| JORDAN, et al., | ) MOTION FOR ISSUANCE OF AN ORDER |
| | ) TO SHOW CAUSE, IMMEDIATE RELEASE, |
| Respondents. | ) AND INJUNCTIVE RELIEF (Doc. 7) |
| | ) |
| | ) OBJECTIONS DEADLINE: 30 days |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus ostensibly pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court are Petitioner's motion for immediate release on his own recognizance, filed on January 29, 2009, and Petitioner's emergency motion for immediate release, injunctive relief, and for issuance of an order to show cause, filed on March 2, 2009.

I. <u>Background</u>

On June 8, 2009, the Court issued findings and

1

1  recommendations to deny Petitioner's motions for release and for
2  injunctive relief.  (Doc. 10.)   In the same document, the Court
3  also recommended dismissal of the petition because Petitioner,
4  who complained of his pretrial detention with respect to state
5  criminal charges, purported to proceed pursuant to 28 U.S.C. §
6  2254, which authorizes habeas relief for persons in custody
7  pursuant to the judgment of a state court; however, there was no
8  state court judgment due to the pretrial status of the relevant
9  state court criminal proceedings.[1]

10      The Court adopted the findings and recommendation of the
11  Magistrate Judge to dismiss the action, and the action was
12  dismissed.  Petitioner appealed the judgment.  By order of the
13  United States Court of Appeals for the Ninth Circuit, filed on
14  December 10, 2009, the judgment of dismissal was summarily
15  vacated, and the case was remanded to allow the Court to consider
16  Petitioner's previously filed objections to the findings and
17  recommendations and to enter a new order.  On April 1, 2010, the
18  Magistrate Judge vacated the findings and recommendations.  (Doc.
19  21.)[2]  On April 14, the action was reassigned to the undersigned
20  Magistrate Judge.

21      Because the findings and recommendations were vacated
22  without exception, the Court concludes that Petitioner's two

23

24      [1] If a petitioner is a pretrial detainee facing state criminal charges
   and thus is not in custody "pursuant to the judgment of a State court" at the
25  time the petition is filed, then the petition should proceed pursuant to 28
   U.S.C. § 2241.  28 U.S.C. §§ 2254, 2241;  Stow v. Murashige, 389 F.3d 880, 885
26  (9th Cir. 2004).

27      [2] By separate order, the Court has considered the vacated findings and
   recommendations and Petitioner's objections.
28

1  motions concerning release remain pending.

2      II.   Petitioner's Motion for Immediate Release

3      On January 28, 2009, Petitioner filed a motion for immediate

4  release on his own recognizance, arguing that he was entitled to

5  release pursuant to state law.   (Doc. 6.)

6      In habeas corpus proceedings, a district court has inherent

7  power, derived from the power to issue the writ of habeas corpus

8  itself and the habeas corpus statutes (28 U.S.C. §§ 2241-2255),

9  to direct the release of a state prisoner on his or her own

10 recognizance or on a surety.   Marino v. Vasquez, 812 F.2d 499,

11 507 (9th Cir. 1987).   Fed. R. App. P. 23 governs release on bail.

12 The decision is made as appears fitting to the Court; relevant

13 factors include the risk of flight, risk of danger to the

14 community, the availability of alternative remedies to the

15 petitioner.   812 F.2d at 508-09.

16     However, federal courts reserve bail pending resolution of a

17 habeas corpus petition to "extraordinary cases involving special

18 circumstances" and where there is a high probability of the

19 petitioner's success on the merits.   United States v. Mett, 41

20 F.3d 1281, 1282 (9th Cir. 1994), quoting, Land v. Deeds, 878 F.2d

21 318, 318-319 (9th Cir. 1989).   Further, the petitioner must show

22 circumstances that make him exceptional and especially deserving

23 of special treatment in the interests of justice.   Benson v.

24 California, 328 F.2d 159, 162 (9th Cir. 1964).   The Court must

25 also consider the petitioner's risk of flight and the danger to

26 the community should the petitioner be released.   Marino v.

27 Vasquez, 812 F.2d 499, 508-09 (9th Cir. 1987).

28     In the present case, Petitioner has not alleged specific

3

facts demonstrating that he is entitled to release.

Accordingly, it will be recommended that Petitioner's motion for immediate release be denied.

III.   Petitioner's Motion for Issuance of an Order to Show Cause, Immediate Release, and Injunctive Relief

On March 2, 2009, Petitioner filed a motion for issuance of an order to show cause, immediate release, and for injunctive relief.  (Doc. 7.)  Petitioner asserts in the motion generally that he was subjected to torture and experimentation by Respondents, custodians at the Kings County Jail, involving x-rays, lasers, radiation, microwaves, and other electronic means. He states that he suffered permanent injuries to his genitals as a result.  He also asserts that he was subject to illegal seizure and kidnaping.  (Mot. 2, 4.)  However, Petitioner does not state any specific facts concerning the identity of the persons engaging in such conduct, the particular injuries sustained, or the dates, times, and precise conduct or events involved.

Insofar as Petitioner seeks an order to show cause to be issued to Respondent to show why relief on the petition should not be granted, Petitioner's motion is premature.  The Court's initial screening of the petition has not been completed, and the action is not ready for disposition on the merits.  Thus, it will be recommended that Petitioner's motion for issuance of an immediate order to show cause be denied.

To the extent that Petitioner seeks immediate release, Petitioner has not shown that he is entitled to release on his own recognizance or on bail.

With respect to Petitioner's motion for injunctive relief,

4

after reading the motion in its entirety, it is clear that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.

It is established that relief by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 extends to a prisoner who shows that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); advisory committee note to Rule 1 of the Rules Governing Section 2254 Cases (Habeas Rules), 1976 adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; advisory committee note to Habeas Rule 1, 1976 adoption.

Because in the motions Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, these particular claims are cognizable in a civil rights action rather than a petition for writ of habeas corpus.

Accordingly, it will be recommended that the motion for injunctive relief be denied.

IV.   Recommendation

In accordance with the foregoing, it is RECOMMENDED that:

1) Petitioner's motion for immediate release on his own

5

1  recognizance be DENIED; and

2       2) Petitioner's emergency motion for issuance of an order to

3  show cause, immediate release, and injunctive relief be DENIED.

4       These findings and recommendations are submitted to the

5  United States District Court Judge assigned to the case, pursuant

6  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

7  the Local Rules of Practice for the United States District Court,

8  Eastern District of California.  Within thirty (30) days after

9  being served with a copy, any party may file written objections

10 with the Court and serve a copy on all parties. Such a document

11 should be captioned "Objections to Magistrate Judge's Findings

12 and Recommendations."  Replies to the objections shall be served

13 and filed within fourteen (14) days (plus three (3) days if

14 served by mail) after service of the objections.  The Court will

15 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

16 636 (b)(1)(C).  The parties are advised that failure to file

17 objections within the specified time may waive the right to

18 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

19 1153 (9th Cir. 1991).

20

21

22 IT IS SO ORDERED.

23 **Dated:    June 28, 2010**              **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28