UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
CHARLES FORDJOUR,              ) 1:09-cv-00060-OWW-SKO-HC
                               )
          Petitioner,          ) ORDER CONSTRUING THE PETITION AS
                               ) ONE PURSUANT TO 28 U.S.C. § 2241
                               )
    v.                         ) ORDER TO PETITIONER TO SHOW CAUSE
                               ) WITHIN THIRTY DAYS OF SERVICE OF
KINGS COUNTY SHERIFF CHRIS     ) THIS ORDER WHY THE PETITION
JORDAN, et al.,                ) SHOULD NOT BE DISMISSED AS MOOT
                               ) (Docs. 1, 10, 21)
          Respondents.         )
                               )
_____)
```

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus ostensibly pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is the petition, which was filed on January 12, 2009.

I.  Background

On June 8, 2009, the Magistrate Judge issued findings and recommendations to deny Petitioner's motions for release and for injunctive relief.  (Doc. 10.)  In the same document, the

1

Magistrate Judge also recommended dismissal of the petition because Petitioner, who complained of his pretrial detention with respect to state criminal charges, purported to proceed pursuant to 28 U.S.C. § 2254, which authorizes habeas relief for persons in custody pursuant to the judgment of a state court; however, due to the pretrial stage of the state court proceedings, there was no state court judgment to which the custody referred.

The Court adopted the findings and recommendations, and the action was dismissed. Petitioner appealed the judgment. By order filed on December 10, 2009, the judgment of dismissal was summarily vacated, and the case was remanded to allow the Court to consider Petitioner's previously filed objections to the findings and recommendations and to enter a new order. On April 1, 2010, the Magistrate Judge vacated the findings and recommendations. (Doc. 21.)[1] On April 14, 2010, the action was assigned to the undersigned Magistrate Judge.

## II. Consideration of the Petition as a Proceeding Pursuant to 28 U.S.C. § 2241

The Court has reviewed the previously vacated findings and recommendations as well as the objections filed by Petitioner on July 13, 2009, which the appellate court concluded had not been previously reviewed by the Court. In the objections, Petitioner stated that he was not challenging his detention by the Immigration and Naturalization Service (INS), as had been the case in previous petitions; rather, he was challenging his pretrial detention pursuant to state court processes. (Objs. 2-

---

[1] By separate order, the Court has set forth findings and recommendations concerning Petitioner's motions for release.

2

3.)

In the petition, Petitioner challenges his detention on criminal charges pending in the Kings County Superior Court involving battery and attempted battery by an inmate on a non-inmate (Cal. Pen. Code § 4501) and obstruction or resisting an officer (Cal. Pen. Code § 69). (Pet. 1.) Petitioner argues that he was an indigent, pretrial detainee, actually innocent of the charges, who was otherwise eligible for pretrial release but was unable to post bail, which was set too high. (Pet. 4-6, 11, 14.) Petitioner alleges that he was served with the information or complaint on December 13, 2007, and he thereafter awaited trial, which was set for early February 2009. The gravamen of his complaint is that because state statutes were not complied with after his arrest, Petitioner was entitled to release on his own recognizance, or to a reasonable bail, and his liberty interest in bail was arbitrarily denied or infringed. (Pet. 1, 5, 7-9.) Petitioner argues that the failure to release him was arbitrary and vindictive, and he seeks immediate release in order to prepare a defense for trial and to support his family. (Pet. 7-8, 18.)

It appears from the petition and from the objections submitted by Petitioner in connection with the Court's vacated findings and recommendation that Petitioner is seeking release on the ground that his pretrial detention pursuant to state court process was unauthorized and unconstitutional.

Although the petition challenges pretrial detention at the hands of state authorities, the Petitioner was a pretrial detainee at the time the petition was filed. Thus, Petitioner

3

was not in custody "pursuant to the judgment of a State court" at the time the petition was filed as provided for by 28 U.S.C. § 2254(a) and(b)(1). In such circumstances, it is appropriate for the petition to proceed pursuant to 28 U.S.C. § 2241. 28 U.S.C. §§ 2254, 2241; Stow v. Murashige, 389 F.3d 880, 885 (9th Cir. 2004). A state pretrial detainee may raise a claim concerning the constitutionality of pretrial delay pursuant to 28 U.S.C. § 2241 because he is not in custody pursuant to the judgment of a state court within the meaning of § 2254. McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003) (pretrial delay concerning right to speedy trial).

Accordingly, the Court considers the petition pursuant to the authority of 28 U.S.C. § 2241.

III. Mootness of the Claim Concerning Pretrial Detention

A claim concerning an arbitrary denial or revocation of bail may be raised in a proceeding for habeas relief. Atkins v. People of State of Michigan, 644 F.2d 543, 549-50 (6th Cir. 1981). However, it is established that a claim concerning the constitutionality of pretrial detention procedures is moot after conviction of the offense because after conviction, such a claim refers to a "prior detention" and thus is moot. Barker v. Estelle, 913 F.2d 1433, 1440 (9th Cir. 1990).

The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

The Court takes judicial notice of supplemental exhibits 11 through 14 in support of the petition for writ of habeas corpus

4

and emergency motion for appointment of counsel (doc. 5) filed on May 15, 2009, in a case then pending in this district, Fordjour v. Napolitano, no. CIV S-09-1800 JAM EFB P.  The docket reflects that these documents were filed by Petitioner in support of a petition for writ of habeas corpus in which Petitioner challenged his detention by the Immigration and Naturalization Service (INS).

This Court has reviewed pages 57 through 59 of document 5 from the docket of that case, comprising attachment D, which appears to be a certified copy of an abstract of judgment and prison commitment from the Kings County Superior Court, recording Petitioner's conviction pursuant to a plea on February 20, 2009, of a violation of Cal. Pen. Code § 69, obstructing and resisting an executive officer, for which Petitioner was sentenced to a term of sixteen months in prison.  Id. at 58.  The information filed in the state court case and minute orders of the state court proceedings relating to Petitioner's plea and sentencing follow the abstract of judgment.  Id. at 60-67.

It thus appears that because Petitioner has been convicted of and sentenced with respect to an offense with which he was charged during the allegedly unlawful pretrial detention, Petitioner's claim concerning the detention is moot.

It is established that a petitioner in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 must be in custody, and the petitioner must present a case or controversy within the meaning of Article III, § 2, such that the party maintains a personal stake in the outcome of the lawsuit.  Spencer v. Kemna, 523 U.S. 1, 7 (1998). Federal courts lack jurisdiction to decide

cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. <u>Id.</u> A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. <u>Burnett v. Lampert</u>, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. <u>See</u>, <u>Cole v. Oroville Union High School District</u>, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. <u>Spencer v. Kemna</u>, 523 U.S. 1, 18 (1998).

### IV. <u>Order to Petitioner to Show Cause Why the Petition Should Not Be Dismissed as Moot</u>

Accordingly, it is ORDERED that within thirty (30) days of the date of service of this order, Petitioner show cause why the Court should not dismiss the petition for mootness. Petitioner is informed that a failure to comply with this order may itself be considered a basis for imposing sanctions against Petitioner

///

///

6

pursuant to Local Rule 110, and it will result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

**Dated:     June 28, 2010**                    **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE