UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES FORDJOUR, | ) | 1:09-cv–00060-OWW-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS THE PETITION AS MOOT AND |
| | ) | TO DECLINE TO ISSUE A CERTIFICATE |
| v. | ) | OF APPEALABILITY (Doc. 1) |
| | ) | |
| KINGS COUNTY SHERIFF CHRIS JORDAN, et al., | ) | OBJECTIONS DUE WITHIN 30 DAYS |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on January 12, 2009.

I. Background

On June 8, 2009, the Magistrate Judge issued findings and recommendations to deny Petitioner's motions for release and for injunctive relief. (Doc. 10.) In the same document, the Magistrate Judge also recommended dismissal of the petition

1

because Petitioner, who complained of his pretrial detention with respect to state criminal charges, purported to proceed pursuant to 28 U.S.C. § 2254, which authorizes habeas relief for persons in custody pursuant to the judgment of a state court; however, due to the pretrial stage of the state court proceedings, there was no state court judgment to which the custody referred.

The Court adopted the findings and recommendations, and the action was dismissed. Petitioner appealed the judgment. By order filed on December 10, 2009, the judgment of dismissal was summarily vacated, and the case was remanded to allow the Court to consider Petitioner's previously filed objections to the findings and recommendations and to enter a new order. On April 1, 2010, the Magistrate Judge vacated the findings and recommendations. (Doc. 21.)[1] On April 14, 2010, the action was assigned to the undersigned Magistrate Judge.

On June 29, 2010, the Court issued an order construing the petition as one pursuant to 28 U.S.C. § 2241 because Petitioner was challenging state action during the time that he was a pretrial detainee, and thus Petitioner was not in custody "pursuant to the judgment of a State court" at the time the petition was filed as provided for by 28 U.S.C. § 2254(a) and(b)(1). In such circumstances, it is appropriate for the petition to proceed pursuant to 28 U.S.C. § 2241. 28 U.S.C. §§ 2254, 2241; Stow v. Murashige, 389 F.3d 880, 885 (9th Cir. 2004).

On June 29, 2010, this Court issued an order in which the

---

[1] By separate order, the Court has set forth findings and recommendations concerning Petitioner's motions for release.

2

Court took judicial notice of records of state court proceedings and set forth an analysis of the pertinent legal principles concerning mootness and the mootness of Petitioner's claim. The Court directed Petitioner to show cause in thirty days why the action should not be dismissed as moot. Although the order was served on Petitioner on June 29, 2010, Petitioner did not file a response until after the period for response had passed. However, the Court has considered the untimely response to the order to show cause that was filed on August 16, 2010.

II. Mootness of Petitioner's Claim

A state pretrial detainee may raise a claim concerning the constitutionality of pretrial delay pursuant to 28 U.S.C. § 2241 because he is not in custody pursuant to the judgment of a state court within the meaning of § 2254. McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003) (pretrial delay concerning right to speedy trial).

Although a claim concerning an arbitrary denial or revocation of bail may be raised in a proceeding for habeas relief, Atkins v. People of State of Michigan, 644 F.2d 543, 549-50 (6th Cir. 1981), it is nevertheless established that a claim concerning the constitutionality of pretrial detention procedures is moot after conviction of the offense because after conviction, such a claim refers to a "prior detention" and thus is moot. Barker v. Estelle, 913 F.2d 1433, 1440 (9th Cir. 1990).

The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

3

The Court takes judicial notice of supplemental exhibits 11 through 14 in support of the petition for writ of habeas corpus and emergency motion for appointment of counsel (doc. 5) filed on May 15, 2009, in a case then pending in this district, <u>Fordjour v. Napolitano</u>, no. CIV S-09-1800 JAM EFB P. The docket reflects that these documents were filed by Petitioner in support of a petition for writ of habeas corpus in which Petitioner challenged his detention by the Immigration and Naturalization Service (INS).

This Court has reviewed pages 57 through 59 of document 5 from the docket of that case, comprising attachment D, which appears to be a certified copy of an abstract of judgment and prison commitment from the Kings County Superior Court, recording Petitioner's conviction pursuant to a plea on February 20, 2009, of a violation of Cal. Pen. Code § 69, obstructing and resisting an executive officer, for which Petitioner was sentenced to a term of sixteen months in prison. <u>Id.</u> at 58. The information filed in the state court case and minute orders of the state court proceedings relating to Petitioner's plea and sentencing follow the abstract of judgment. <u>Id.</u> at 60-67.

It thus appears that because Petitioner has been convicted of and sentenced with respect to an offense with which he was charged during the allegedly unlawful pretrial detention, Petitioner's claim concerning the detention is moot.

In the response to the order to show cause, Petitioner asserts that he exhausted his state court remedies. However, exhaustion of state remedies does not cure mootness. Petitioner also asserts that he is still on parole. However, even if

1  Petitioner is on parole following the conviction in question,
2  such custody is based on the conviction that followed the
3  detention of which Petitioner complains in this action, and not
4  custody caused by the pretrial detention.  As the Court has set
5  forth, conviction renders a petition based on pretrial detention
6  moot.
7      It is established that a petitioner in a habeas corpus
8  proceeding pursuant to 28 U.S.C. § 2254 must be in custody, and
9  the petitioner must present a case or controversy within the
10 meaning of Article III, § 2, such that the party maintains a
11 personal stake in the outcome of the lawsuit. Spencer v. Kemna,
12 523 U.S. 1, 7 (1998).  Federal courts lack jurisdiction to decide
13 cases that are moot because the courts' constitutional authority
14 extends to only actual cases or controversies. Iron Arrow Honor
15 Society v. Heckler, 464 U.S. 67, 70-71 (1983).  Article III
16 requires a case or controversy in which a litigant has a personal
17 stake in the outcome of the suit throughout all stages of federal
18 judicial proceedings and has suffered some actual injury that can
19 be redressed by a favorable judicial decision. Id. A petition
20 for writ of habeas corpus becomes moot when it no longer presents
21 a case or controversy under Article III, § 2 of the Constitution.
22 Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003).  A petition
23 for writ of habeas corpus is moot where a petitioner's claim for
24 relief cannot be redressed by a favorable decision of the court
25 issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d
26 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S.
27 1, 7 (1998)).  Mootness is jurisdictional. See, Cole v. Oroville
28 Union High School District, 228 F.3d 1092, 1098-99 (9th Cir.

2000).  Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied.  Spencer v. Kemna, 523 U.S. 1, 18 (1998).

The Court concludes that because Petitioner's claim is moot, the petition for habeas corpus should be dismissed.

### III.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

It has not been decided by the United States Court of Appeals for the Ninth Circuit whether or not a certificate of appealability is required for a pretrial detainee who proceeds pursuant to § 2241, but in some circuits it has been held that a certificate is required.  McNeely v. Blanas, 336 F.3d 822, 832 n. 10 (9th Cir. 2003).  Further, in Hayward v. Marshall, 603 F.3d 546, 554-55 (9th Cir. 2010), it was held that a certificate was required for a state parolee proceeding pursuant to § 2254 and challenging an administrative decision to deny parole.  The court concluded that 28 U.S.C. § 2253(c)(1)(A), which requires a certificate in order to appeal from an order in a proceeding in which "the detention complained of arises out of process issued by a State court," is best read to mean that a state prisoner

6

seeking to appeal the denial of a petition for a writ of habeas corpus to a federal court of appeals must get a certificate of appealability. Id. at 554.

Therefore, in an exercise of caution, the Court will consider whether to issue a certificate of appealability.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a

different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, it will be recommended that the Court decline issue a certificate of appealability.

   IV. Recommendations

   Accordingly, it is RECOMMENDED that:

   1) The petition be DISMISSED as moot; and

   2) The Court DECLINE to issue a certificate of appealability; and

   3)  The Clerk be DIRECTED to close the action.

   These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to

///
///
///
///

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 2, 2010**                       /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE